UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS LEE HOHOL,

        Plaintiff,

        v.                                Case No. 25-cv-0529-bhl

DEPUTY WARDEN BARBER,
WARDEN GIERACH,
ANGELA THOMPSON, KIRA LABBY,
N. BEIR, JENSEN,
J. KRIEGER, CAPTAIN KELLER,
K. NIKOLIA, DAISY CHASE,
SECURITY DIRECTOR KIND,
CINDY O'DONNELL,
HOLLY GUNDERSON,
T. MOON, C. BRETZEL,
NURSE WIRTZ, E. DAVIDSON,
GILBERT D. STEFFANIDES, and
JOHN DOES.

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Dennis Lee Hohol, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 15, 2025, the Court screened the complaint and gave Hohol the opportunity to file an amended complaint, which he did on June 5, 2025. This matter is before the Court to screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Hohol explains that he is an 81-year-old man with heart, shoulder, and knee conditions. He asserts that he has been receiving treatment for his knee since 2002. On October 10, 2023, while taking his pants off (presumably during a strip search), he slipped and further injured his knee. Hohol was transported to the hospital for an unrelated offsite appointment. He states that when he returned to the prison, health services refused to examine his knee because the officer who had seen him fall did not file an incident report. According to Hohol, health services manager

2

Case 2:25-cv-00529-BHL     Filed 07/08/25     Page 2 of 8     Document 8

Angela Thompson has been denying him medical care since he injured his knee, although, somewhat inconsistently, Hohol acknowledges that he received an MRI that revealed a torn ACL, is prescribed Tylenol for pain, and is allowed to use a wheelchair for distances. Dkt. No. 7 at 3-4.

According to Hohol, he gave a written statement to Captain Heller about his injury, and Nikolia, the sergeant on his unit, also knew about his injury. Hohol also believes that Security Director Kind should have been aware of what was going on. Hohol further alleges that Dr. Kira Labby "tried her best to get help for [him] but always was overruled by her boss, HSU Manager Angela Thompson and higher up people." He also states that Nurse Bretzel and Nurse Wirtz "did their best for [him], only as they were al[lowed]." Hohol also alleges that Dr. Gilbert Steffanides "was not [his] doctor at any time but denied [him] to not have surgery on [his] left knee injury." Dkt. No. 7 at 4-5.

Hohol's primary complaint appears to be that he has not received knee surgery to repair his torn ACL. He states that institution complaint examiner T. Moon recommended that his inmate complaint about being denied surgery be dismissed because "surgery is not a safe option." Hohol states that, according to health services staff, the recommended surgery is not an emergency. Further, Hohol has an "irregular cardial rhythm," which is not ideal. Health services staff also allegedly concluded that Hohol will not have an uncomplicated recovery. Knee injections were allegedly recommended for pain after consulting with the surgeon, but Hohol states that he has not received any injections and has been prescribed only Tylenol for his pain. Hohol also alleges that, despite having an irregular heartbeat, he has not been seen by a cardiologist. He believes that surgery has been denied because he is an old man and the Department of Corrections does not want to spend money on him. According to Hohol, he has also been denied surgery for his shoulder. Dkt. No. 7 at 5-9.

ANALYSIS

Hohol asserts that eighteen Defendants and an unknown number of Doe Defendants have shown deliberate indifference to his serious knee injury because they have refused to approve him for knee surgery and have not adequately addressed his complaints of pain. "[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

Hohol's allegations of a torn ACL are sufficient for the Court to reasonably infer that he suffers from an objectively serious medical condition. And his allegations that the surgeon's recommendation for knee injections has not yet been followed reasonably suggests that *someone* was (or is) deliberately indifferent to his pain. But it is not clear in the amended complaint who is responsible for delaying the injections. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (holding that a defendant is liable for damages under §1983 only if she was personally responsible for the deprivation of a constitutional right). The Court will therefore allow Hohol to proceed against a John/Jame Doe. Hohol will have to use discovery to learn the name of the responsible person.

Hohol also states a claim against Dr. Steffanides and the John/Jane Doe members of the special needs committee based on allegations that they denied the specialist's recommendation for

4

Case 2:25-cv-00529-BHL   Filed 07/08/25   Page 4 of 8   Document 8

knee surgery. According to Hohol, they claimed that they did not believe non-emergency knee surgery was safe given Hohol's age, irregular heartbeat, and general health condition. But Hohol alleges that the true reason for the denial was that they did not want to waste money on an old man. Further development of the record is needed to determine the true basis for the denial, so Hohol's allegations are sufficient at this stage to state a claim.

For the following reasons, the allegations in the amended complaint do not reasonably imply that any of the remaining named Defendants were deliberately indifferent to Hohol's knee condition. First, as to Deputy Warden Barber, Warden Gierach, Warden Daisy Chase, and Security Director Kind, Hohol's only allegation is that, as supervisors, they are responsible for the misconduct of their subordinates. But, as the Court informed Hohol in the original screening order, the doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. Nothing in the amended complaint suggests that these high-ranking officials were personally involved in treatment decisions concerning Hohol's injury.

Also as explained in the original screening order, Hohol fails to state a claim against T. Moon, Cindy O'Donnell, Holly Gunderson, N. Beier, and E. Davidson based on allegations that, after an investigation, they denied his inmate complaints about the treatment he was receiving for his knee and shoulder. As the Seventh Circuit has explained, "[r]uling against a prisoner on an

5

Case 2:25-cv-00529-BHL   Filed 07/08/25   Page 5 of 8   Document 8

administrative complaint does not cause or contribute to the violation," and "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, Hohol's disagreement with their decisions on his inmate complaints does not support a constitutional claim because the adverse ruling did not cause or contribute to the underlying harm about which he complains.

Hohol also fails to state a claim against Captain Heller and Nikolia, who allegedly failed to act in response to Hohol's complaints about an officer not submitting an incident report after Hohol slipped. Heller and Nikolia's alleged failure to address the officer's oversight did not cause or contribute to any injury allegedly suffered by Hohol, and as previously explained, there is no vicarious or supervisory liability under §1983, so they are not responsible for the alleged misconduct of their subordinates.

Hohol also does not state a claim against Dr. Labby, Nurse Bretzel, or Nurse Wirtz, who allegedly "did their best." According to Hohol, Dr. Labby made several recommendations regarding treatment for his knee, but some of those recommendations were overruled by her boss. Still, Hohol concedes that he received an MRI, is allowed to use a wheelchair for distances, and has been prescribed Tylenol for pain. He also notes that the nurses did all they were allowed to do. The Court cannot reasonably infer from these allegations that Dr. Labby and the nurses were deliberately indifferent to his knee injury.

Nor does Hohol state a claim against Health Services Manager Thompson based on allegations that she "overruled" Dr. Labby's recommendations. Hohol does not explain what Dr. Labby recommended or what Thompson overruled, and the Court will not speculate on this point. And, as noted, Hohol concedes he has received progressive care for his injury, including an MRI and referral to a specialist. And he alleges that special needs committee, not Thompson, was

6

Case 2:25-cv-00529-BHL   Filed 07/08/25   Page 6 of 8   Document 8

responsible for the denial of his surgery. Accordingly, it is not clear what, if anything, Thompson "overruled." A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

Hohol also does not state a claim against Jensen or K. Krieger. Although he names them in the caption of the amended complaint, he does not state what he believes they did or did not do to violate his rights. *See Ashcroft*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Finally, Hohol does not state a claim based on undeveloped allegations that he has not been scheduled to see a cardiologist or that he has not had shoulder surgery. Hohol's allegations regarding these conditions are too vague and conclusory to state a claim. And, in any event, it is unlikely that claims based on allegations of inadequate treatment for conditions unrelated to his knee condition would be properly joined in this action. *See* Fed. R. Civ. P. 18, 20, 21.

CONCLUSION

**IT IS THEREFORE ORDERED** that Hohol fails to state a claim against Warden Daisy Chase, Deputy Warden Barber, Warden Gierach, Angela Thompson, Kira Labby, N. Beir, Jensen, J. Krieger, Captain Keller, K. Nikolia, Security Director Kind, Cindy O'Donnell, Holly Gunderson, T. Moon, C. Bretzel, Nurse Wirtz, and E. Davidson, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, copies of the amended complaint and this order shall be electronically sent today to the Wisconsin Department of Justice for service on Dr. Gilbert D. Steffanides.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Steffanides shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

After Dr. Steffanides responds to the amended complaint and after the Court enters a scheduling order, Hohol may use discovery to learn the names of the John/Jane Doe Defendants.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on July 8, 2025.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge

8

Case 2:25-cv-00529-BHL   Filed 07/08/25   Page 8 of 8   Document 8