UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS LEE HOHOL,

        Plaintiff,

  v.                                          Case No. 25-cv-0529-bhl

GILBERT D. STEFFANIDES et al.,

        Defendants.

## DECISION AND ORDER

      Plaintiff Dennis Hohol, who is incarcerated at the Redgranite Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On July 8, 2025, the Court screened the amended complaint and allowed Hohol to proceed on Eighth Amendment claims against Dr. Gilbert Steffanides and unidentified members of the Special Needs Committee based on allegations that they refused to approve a specialist's recommendation that he receive knee surgery. The Court also allowed Hohol to proceed on an Eighth Amendment claim against an unidentified provider allegedly responsible for delaying the administration of knee injections that had been recommended to address Hohol's knee pain. Finally, the Court explained the reasons why Hohol did not state a claim against the remaining seventeen individuals that he had sued.

      On July 21, 2025, Hohol filed two documents that he titled "An amended supplement motion for discovery wrongs to be modified to be corrected." Dkt. Nos. 9, 9-1. It is not clear what relief Hohol seeks. The first document lists the names of the individuals against whom the Court concluded Hohol failed to state a claim along with a sentence or two describing each person's job duties and/or involvement in his care. But these brief descriptions do not address the Court's conclusion that the amended complaint failed to include sufficient factual matter from which the Court could reasonably infer that a particular person violated Hohol's constitutional rights. The second document appears to highlight a handful of allegations that Hohol contends are in the

amended complaint, but again, Hohol fails to adequately explain how these facts relate to the Court's analysis in the screening order. Hohol also attaches a handful of medical records, but it is not the Court's job to sift through medical records to determine whether a plaintiff states a claim.

Under Fed. R. Civ. P. 60(b), a party may obtain relief from an order for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Peacock v. Board of School Comm'rs*, 721 F.2d 210, 213 (7th Cir. 1983) (citations omitted). Hohol's confusing and undeveloped filings fail to satisfy any of the grounds articulated in Rule 60(b). While it seems that Hohol disagrees with the screening order, his disagreement without more is not a sufficient basis for the Court to reconsider its decision. Accordingly, having reviewed Hohol's filings, the Court concludes that he is not entitled to any relief, so the Court will deny the motions.

The Court encourages Hohol to use simple, straightforward language in his filings. The Court can address Hohol's requests only if it understands what relief he is seeking. Using complicated legal language often leads to confusion and will make it more difficult for the Court to understand what Hohol wants the Court to do.

**IT IS THEREFORE ORDERED** that Hohol's "amended supplement motion for discovery wrongs to be modified" (Dkt. Nos. 9, 9-1) are **DENIED**.

**IT IS FURTHER ORDERED** that Hohol's motion for an order to pay the filing fee from his release account (Dkt. No. 3) is **DENIED as moot** because Hohol already paid the $405 civil case filing fee.

Dated at Milwaukee, Wisconsin on August 13, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2

Case 2:25-cv-00529-BHL     Filed 08/13/25     Page 2 of 2     Document 12